# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In re: | ) | Bky. Case No.: 18-60302 |
| | ) | Chapter 7 |
| Barry James Reigstad, | ) | |
| Julie Ann Reigstad, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Gene W. Doeling, Bankruptcy Trustee | ) | **COMPLAINT** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Woodland Dentistry, LLC, | ) | |
| | ) | Adversary No.18- |
| Defendant | ) | |
| _____ | ) | |

The plaintiff, for its cause of action against the defendant, states and alleges:

1. The debtor filed a Chapter 7 bankruptcy and relief was granted on May 9, 2018. Gene W. Doeling is the duly appointed bankruptcy trustee in this case.

2. The trustee brings this action to recover a preference as described within the meaning of 11 U.S.C. § 547. The Court has jurisdiction over this matter pursuant to U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157.

3. The defendant is a limited liability company, which did business with the debtors in Minnesota.

4. On or about February 22, 2018, the debtors paid the defendant the sum of $1,736.

5. The payment to the defendant was within the 90-day period preceding the filing of this bankruptcy case.

6. The payment described was made to or for the benefit of the recipient on account of

an antecedent debt. The defendant is a creditor of the debtor, within the meaning of § 547(b)(1), because the payment either reduced or fully satisfied a debt then owed by the debtor to the defendant.

7. The payment enabled the defendant to receive more than it would have received had it received payment on such debt to the extent provided by the provisions of the Bankruptcy Code.

### COUNT 1 — PREFERENCE, 11 U.S.C. § 547

8. The defendant received a transfer of money or property of the debtors for its benefit, on account of an antecedent debt owed by the debtor, made while the debtor was insolvent, made within 90 days of the bankruptcy petition filing, that enabled the defendant/creditor to receive more than it would have received had the transfer not been made and the defendant/creditor had received payment as contemplated by the Bankruptcy Code. The bankruptcy trustee/Plaintiff is authorized to collect this transfer from the recipient/beneficiary. 11 U.S.C. § 547.

THEREFORE, Plaintiff respectfully requests that the Court enter a monetary judgment in favor of the plaintiff against the defendant in the amount of $1,736; that the Plaintiff be granted his costs and disbursements in this action against the Defendant; and for such other relief that the court deems fair and just.

Dated this 23rd day of October, 2018

        /s/ Gene W. Doeling
        Gene W. Doeling
        KALER DOELING PLLP
        Attorney for Trustee/Plaintiff
        3429 Interstate Blvd. S.
        P.O. Box 9231
        Fargo, ND 58106-9231
        (701) 232-8757
        ND Attorney No. 05078
        gene@kaler-doeling.com

<u>Verification</u>.  I, Gene W. Doeling, the moving party named in the foregoing Complaint, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on October 23, 2018.                    Signed: <u>/e/ Gene W. Doeling</u>
                                                 Gene W. Doeling, Bankruptcy Trustee
                                                 PO Box 9231
                                                 Fargo, ND  58106-9231
                                                 (701) 232-8757